DECISION
A trial was held on July 17, 2008. William H. Day, Jr. and Paula Kay Day participated on their own behalf. Faith Derickson represented Defendant. The record closed October 6, 2008.
At issue is whether Plaintiffs' request for a 2003 Oregon personal income tax refund was received within three years of the original due date. If not, the refund claim is barred by the three-year limitation set out in ORS 314.415(2)(a).[1]
 I. STATEMENT OF FACTS
For the 2003 tax year, the original due date was April 17, 2004. For reasons not entirely clear, Plaintiffs elected to file at a much later date.[2] The return they finally submitted claimed a refund of $4531. Page two was signed by both taxpayers on April 16, 2007. A receipt from the Portland Airport Mail Facility shows an envelope was mailed to Salem on April 17, 2007; Plaintiffs claim it was addressed to Defendant's correct address and contained their full and complete 2003 Oregon tax return. *Page 2 
Defendant did not receive anything related to Plaintiffs' 2003 return until May 21, 2007. This was clearly after the three-year deadline. It was not delivered from Plaintiffs but, instead, from the federal Internal Revenue Service (IRS). It had Plaintiffs' original signatures in ink (not copied). The face of the return had holes where it clearly appears staples were removed from the packet.[3] Supporting information was also missing.
After reviewing the submission for necessary details, Defendant sent the return back to Plaintiffs on June 21, 2007, for additional information. The return with the requested information was received by Defendant several months later on October 1, 2007.
Defendant's representative testified that a detailed search was made of all delivery receipts for all registered and certified mail received by Defendant from April 17, 2007, through May 31, 2007. Supporting documentation was introduced at trial. There was no record of a mailing by Plaintiffs.
At trial, Plaintiffs maintained they mailed a full and complete return to Defendant on April 17, 2007. They claim the item forwarded by the IRS was "Our Copy for our records that erroneously got attached to the back of our IRS 1040 Tax Return." (Ptfs' Statement filed May 6, 2008, at 2, emphasis in original.) They contend the original state return was either lost by the post office or misplaced by Defendant's internal processes.
Defendant argues the original state return was "sent to the IRS in error and the IRS stripped the forms that had been attached." (Dft's Additional Evidence/Comments at 2.)
 II. ANALYSIS
If the 2003 return was filed by Plaintiffs after April 17, 2007, then the refund claim is barred and cannot be granted. ORS 314.415(2)(a). *Page 3 
The key issue is whether Plaintiffs placed a full and complete 2003 Oregon return in an envelope properly addressed to Defendant and mailed it on or before April 17, 2007.
Oregon Administrative Rule 150-305.820 concerns when items are considered received by Defendant. Subsection (2)(b) allows that certain other evidence may be introduced such as a taxpayer's history of timely filing both state and federal returns and other documentation. Here, Plaintiffs do not have a record of filing on time.
After reviewing the entire evidence and competing presentations, the court finds that Plaintiffs did mail the 2003 Oregon tax return on April 17, 2007. However, it was mailed to the wrong address, to the IRS. Plaintiffs' return was not properly mailed because it was not placed in a properly addressed envelope to Defendant's address. The staple holes are the key elements of substantive proof. The holes probably would not be there if it were Plaintiffs' file copy only. Yet the holes are clearly present, indicating something was attached there. The logical conclusion is that it was the wage statements. Also of importance is that original ink signatures (not copies) were present on page two.
This case is substantially similar to Sato v. Department of Revenue, TC-MD No 070770C (Jan 7, 2008). There, the court held when a return was timely dispatched, but inadvertently mailed to the wrong address, "there is no provision in the law that serves to rescue Plaintiff or her representative from that mistake." (Sato at 3).
Plaintiffs have the burden of proof and must establish their case by a "preponderance" of the evidence. See ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v. Dept. of Revenue, 4 OTR 302, 312 (1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his/ *Page 4 
burden of proof." Reed v. Dept. of Rev., 310 Or 260, 265, 798 P2d 235
(1990). Plaintiffs in this case have not met that statutory requirement. Accordingly, their appeal must be denied.
 III. CONCLUSION
Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is denied.
Dated this day ____ of March 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on March 12,2009. The Court filed and entered this document on March 12, 2009.
[1] All references to the Oregon Revised Statutes (ORS) and Oregon Administrative Rules are to 2005.
[2] Defendant's records at trial indicated a timely filing had not been submitted by Plaintiffs since 1995.
[3] The original state return was filed with the court as evidence. Plaintiffs were given the opportunity to inspect the document. They did so and offered comments thereafter.